RAMSAYWAK ITWARU, Respondent, v BIBI ITWARU, Appellant

Pursuant to a stipulation of settlement entered into in open court, which was incorporated but not merged into a judgment of divorce, it was agreed that the defendant would receive 55% of the appraised value of the marital premises less the outstanding mortgage balance due, which appraisal was to be made by an appraiser agreed upon by counsel for both parties, with the appraisal to *"be binding upon the parties"* (emphasis supplied). The appraisal was done in accordance with the stipulation but the defendant refused to execute the necessary

documents to transfer ownership of the marital residence to the plaintiff.

The defendant does not allege that the stipulation was unfair and unreasonable. Certainly, there is nothing to indicate that there was any fraud, collusion, duress, mistake or overreaching which would warrant setting aside the stipulation. The defendant contends that a hearing should be held to determine the true value of the premises and to determine if the value was decreased by the acts of the plaintiff. However, the stipulation did not provide for such a hearing. Apparently, the defendant's real objection is that she is unhappy with the appraisal. That is not a valid basis for granting her the relief she requests (see, Preston v Preston, 107 AD2d 799). Thompson, J. P., Bracken, Brown, Weinstein and Spatt, JJ., concur.